BELL ATLANTIC BUSINESS SYSTEMS
SERVICES, INC., a Delaware
corporation, Plaintiff,

v.

HITACHI DATA SYSTEMS COR-
PORATION, a Delaware cor-
poration, Defendant.

No. C 93–20079 JW.

United States District Court,
N.D. California.

July 16, 1993.

Coudert Bros. by Ronald Katz, Jeremy
Cody, San Francisco, CA, for plaintiff.

Kirkland & Ellis by William A. Streff, Jr.,
Alexander F. MacKinnon, Los Angeles, CA,
Graham & James by Nathan Lane, III, San
Francisco, CA, for defendant.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

WARE, District Judge.

Plaintiff Bell Atlantic Business Systems Services, Inc. ("BABSS") moves for a preliminary injunction against Defendant Hitachi Data Systems Corporation ("HDS"). For the reasons set forth below, Plaintiff's motion is hereby DENIED.

### I. BACKGROUND

Plaintiff is an independent service organization ("ISO") that does service and maintenance of computer equipment. Defendant sells and provides service for certain disk drives called direct access storage devices ("DASD"). It is Defendant's policies with regard to the servicing of two models of these DASDs (the 7380–series and the 7390–series) that is the subject of this lawsuit.

Plaintiff claims that Defendant's policies with regard to service and maintenance of these DASDs violates the antitrust laws. Specifically, Plaintiff states that Defendant's policy of only providing information regarding engineering changes, microcode updates, spare parts, diagnostic software, and maintenance-related documentation, including manuals to customers who have their servicing done by Defendant, and withholding these items from ISOs like Plaintiff allows Defendant to have a monopoly on the service and maintenance of the 7380 and 7390 DASDs, and restrains the ability of the ISOs to provide competitive maintenance for these products. Further, Plaintiff argues that this policy constitutes an unlawful tying arrangement. Additionally, Plaintiff challenges Defendant's "recertification" policy. Plaintiff seeks, via injunction, access to this information.

### II. DISCUSSION

 Courts have discretion under Rule 65(a) of the Federal Rules of Civil Procedure to issue preliminary injunctions. In the Ninth Circuit, a court may issue a preliminary injunction when the moving party demonstrates either "(1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Big Country Foods, Inc. v. Board of Education,* 868 F.2d 1085, 1088 (9th Cir.1989). "These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decrease." *Id.* However, irrespective of the magnitude of the injury, under either formulation, the moving party must in any case "demonstrate a significant threat of irreparable injury." *Id.*

 In light of the legal standard outlined above, the Court has determined that issuance of a preliminary injunction would be inappropriate for a number of reasons. Although Plaintiff maintains that it does not request a mandatory injunction, and seeks only to break an unlawful tying arrangement, the Court disagrees. In effect, Plaintiff most certainly requests extraordinary relief in the form of a mandatory injunction. Plaintiff does not seek to maintain the status quo, but instead seeks to drastically alter the status quo by forcing Defendant to provide it with proprietary information that Defendant has consistently had a policy of withholding—a policy of which Plaintiff was aware when it chose to do business with Defendant.

 While the Court concedes that Plaintiff has raised serious questions going to the merits in this case, the Court is unprepared to grant such extraordinary relief in the form of a mandatory injunction based on Plaintiff's showing made to this point. Plaintiff has not demonstrated that the circumstances are such that extraordinary emergency relief is necessary to protect Plaintiff's interests or that there is anything new happening now to merit such extraordinary relief. A crucial component in assessing the appropriateness of injunctive relief is a showing of a significant threat of irreparable harm absent issuance of the injunction. Plaintiff has failed to adequately demonstrate such a likelihood of irreparable harm.

Furthermore, Plaintiff's probable success on the merits under the facts as developed thus far is not sufficiently great to overcome the lack of demonstrated irreparable injury.

In fact, the Court is hesitant to probe too deeply into this issue without first making factual findings based on a more complete and developed factual record. And, ultimately, the Court would need a very strong factual basis to enter an injunction of the kind requested by this motion.

█ Serious questions going to the merits alone is an insufficient basis for this Court to grant a preliminary injunction, and certainly not one which would amount to a mandatory injunction. Accordingly, Plaintiff's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.